UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LAREDO PAPAGALLOS CORP.** | § | |
| **D/B/A SILVERADO'S NIGHTCLUB,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. <u>5:17-cv-00085</u>** |
| | § | |
| | § | |
| **MOUNT VERNON FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |
| | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Mount Vernon Fire Insurance Company, (herein, "Defendant" or "Mount Vernon") hereby files this Notice of Removal from the 406th Judicial District Court for Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. In support of this Notice, Defendant respectfully shows as follows:

*Preliminary Statement*

1.    This lawsuit involves a dispute over Mount Vernon's handling of Plaintiff's insurance claims for damages to its property from a storm. Mount Vernon is not a citizen of Texas. Accordingly, there is complete diversity between the parties, and as the amount in controversy exceeds $75,000, removal is proper in this case.

1

*Procedural Background*

2.      On March 17, 2017, Plaintiff filed an Original Petition, Request for Disclosure, Requests for Admission, Requests for Production, and Interrogatories styled *Laredo Papgallos Corp. d/b/a Silverado's Nightclub v. Mount Vernon Fire Insurance Company*, Cause No. 2017-CVI-000546D4, in the 406th Judicial District Court of Webb County, Texas.  Mount Vernon was served with the Original Petition through the Commissioner of Insurance on March 27, 2017. Defendant Mount Vernon also demanded a trial by jury in its Original Answer filed in the 406th Judicial District Court of Webb County, Texas.

3.      This Notice of Removal has been filed within 30 days after receipt of the Petition as required by 28 U.S.C. § 1446(b).

*Nature of the Suit*

4.      This lawsuit involves a dispute over the handling of Plaintiff's insurance claim for damages to its property resulting from a storm.   Plaintiff claims it is entitled to more than $100,000.00 for claims arising out of alleged damage to its property sustained as a result of a May 9, 2014 hail/wind storm.  The insured property is located within Webb County, Texas, which is within the Southern District of Texas, Laredo Division.  Plaintiff asserts causes of action for breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act against Defendant.  Plaintiff seeks to recover actual damages, exemplary and/or treble damages, statutory interest, and attorneys' fees.  Defendant generally denies Plaintiff's claims.

5.      The storm which allegedly damaged the Plaintiff's property occurred on or around May 9, 2014.  Plaintiff thereafter submitted a claim to Mount Vernon against the Policy covering its property.

6.     Plaintiff alleges that Defendant was not diligent in investigating Plaintiff's loss and that Plaintiff's claim was improperly denied.

### Basis for Removal

7.     Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff Laredo Papagallos Corp. d/b/a Silverado's Nightclub is a corporation registered and doing business in Texas.

8.     Mount Vernon is a Pennsylvania company with its principal place of business in Wayne, Pennsylvania.  It is a wholly owned subsidiary of United States Liability Insurance Company (USLI), a Pennsylvania corporation.  Accordingly, Mount Vernon is domiciled in and a resident of Pennsylvania. *See Affidavit of Bill Rohrman.*

9.     There is complete diversity of citizenship between the parties.

10.     This Court has original jurisdiction over this case because it is a suit between citizens/entities of different states, and Plaintiff claims to be entitled to damages in excess of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a). *See Plaintiff's Original Petition seeking more than $100,000 in damages.*

### The Removal is Procedurally Correct

11.     Mount Vernon was served with the Original Petition on March 27, 2017. Therefore, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

12.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

13.     Exhibit "A" to this Notice contains copies of all process and pleadings filed in the state court proceeding in Webb County, Texas.

14.     Mount Vernon is the sole Defendant in this removed action; consequently, all Defendants join in and consent to this Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for Webb County, Texas and served upon Plaintiff through its counsel of record.

WHEREFORE, Defendant hereby requests that this action be removed from the 406th Judicial District in the District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated April 25, 2017

Respectfully submitted,

GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
9601 McAllister Fwy., Suite 401
San Antonio, Texas 78216
Tel: (210) 569-8500
Fax: (210) 569-8490

/s/ Richard J. Kasson
RICHARD J. KASSON
Attorney-in-charge
State Bar No. 24002392
Southern District of Texas Federal ID No. 21614
rkasson@gcaklaw.com
REBECCA H. ADUDDELL
State Bar No. 24097280
Southern District of Texas Federal ID No. 3050524
raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANT**

4

## CERTIFICATE OF SERVICE

I hereby certify that on this the **25th** day of **April, 2017**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Carlos E. Solis
Paul A. Smith, Jr.
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Fax: 210-223-5007

/s/ Richard J. Kasson
RICHARD J. KASSON

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **LAREDO PAPAGALLOS CORP.** | § | |
| **D/B/A SILVERADO'S NIGHTCLUB,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | Civil Action No. 5:17-cv-00085 |
| | § | |
| **MOUNT VERNON FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

## AFFIDAVIT OF BILL ROHRMAN

COMMONWEALTH OF _Pennsylvania_ §
§
COUNTY OF _Montgomery_ §

BEFORE ME, the undersigned authority, on this day personally appeared BILL ROHRMAN, who, being by me duly sworn, deposed as follows:

"My name is BILL ROHRMAN. I am over the age of eighteen (18) years, of sound mind, and competent to make this affidavit. I have never been convicted of a felony nor a misdemeanor involving moral turpitude. I am an Assistant Vice President and Property Claims Examiner for United States Liability Insurance Company, of which Mount Vernon Fire Insurance Company is one of its subsidiary insurance companies, and I have personal knowledge of the facts herein stated and they are true and correct.

Mount Vernon Fire Insurance Company is incorporated in Pennsylvania with its principal place of business in Pennsylvania. Mount Vernon Fire Insurance Company is not a citizen of Texas."

Further, Affiant sayeth naught.

SIGNED this 24 day of April, 2017.

_Bill Rohrman_

BILL ROHRMAN
Assistant Vice President
United States Liability Insurance Company

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 24th day of April, 2017, witness my hand and seal of office.

_Lenore R. Akers_
Notary Public, Commonwealth of _Pennsylvania_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lenore R. Akers, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Nov. 5, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Filed
3/17/2017 2:15:03 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVI000546D4

CAUSE NO. _____

| | | |
|---|---|---|
| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

Laredo Papagallos Corp. d/b/a Silverado's Nightclub ("Plaintiff"), Plaintiff herein, files

this Original Petition against Defendant, Mount Vernon Fire Insurance Company ("Defendant"

or "Mount Vernon") and, in support of their causes of action, would respectfully show the Court

the following:

### I. DISCOVERY

1.       This case is intended to be governed by Discovery Level 3.

### II. THE PARTIES

2.       Laredo Papagallos Corp. d/b/a Silverado's Nightclub is a Texas business and

resident that resides in Webb County, Texas.

3.       Mount Vernon Insurance Company is an insurance company engaging in the

business of insurance in the State of Texas which may be served as follows:

> Mount Vernon Fire Insurance Company
> Thomas P. Nerney, President
> United States Liability Insurance Group
> 1190 Devon Park Drive
> Wayne, Pennsylvania 19087
> c/o Attorney for Service
> David Mattax, Commissioner for the Texas Department of Insurance
> 333 Guadalupe St.
> Austin, Texas 78701.

### III. CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this Court. Plaintiff currently seeks monetary relief over $100,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $1,000,000 but no more than $2,000,00.00. As a result of the Defendant's conduct that is described in this petition, Plaintiff pleads out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure. Plaintiff further pleads for judgment for all the other relief to which it deems justly entitled.

### IV. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Webb County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Webb County. In particular, the loss at issue occurred in Webb County.

### V. FACTUAL BACKGROUND

7. Plaintiff is a named insured under a property insurance policy issued by Mount Vernon under Policy No. CP 2578792A.

2

9.     Plaintiff owns the insured Property which is specifically located at 5920 San Bernardo, Webb County, Laredo, Texas 78040 (hereinafter referred to as the "Property").

10.     On or about May 9, 2014, a wind and hail storm hit the Laredo, Texas area, damaging Plaintiff's business and other Property. Plaintiff subsequently filed a claim on their insurance policy.

11.     Mount Vernon has assigned Claim No. K084524 to Plaintiff's claim.

12.     Mount Vernon hired and/or assigned an adjuster to inspect and adjust the claim.

13.     Mount Vernon improperly denied the claim on April 1, 2015.

14.     Mount Vernon, by and through its assigned third-party adjuster Engle Martin & Associates, Inc., conducted a substandard investigation and inspection of the property and prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection. Mount Vernon ultimately denied Plaintiff's claim outright, claiming "there were no reported hail events at the insured location." Counsel for Plaintiff has procured data which directly contradicts Mount Vernon's claim, which shows Defendant failed to conduct a thorough investigation of Plaintiff's claim.

15.     Mount Vernon's unreasonable investigation led to the denial of Plaintiff's claim. Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

16.     Moreover, Mount Vernon, by and through its assigned third-party adjuster Engle Martin & Associates, Inc., performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

3

## VI. CAUSES OF ACTION

17.     Each of the foregoing paragraphs is incorporated by reference in the following:

A.     Breach of Contract

18.     Mount Vernon had a contract of insurance with the Plaintiff. Mount Vernon breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

B.     Prompt Payment of Claims Statute

19.     The failure of Mount Vernon to pay for the losses and/or follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

20.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

C.     Bad Faith/DTPA

21.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.     Defendant violated §541.051 of the Texas Insurance Code by:

        (1)     making statements misrepresenting the terms and/or benefits of the policy.

23.     Defendant violated §541.060 by:

        (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

        (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

4

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

24.     Defendant violated §541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

25.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

26.     Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Mount Vernon represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Mount Vernon failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information

5

was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Mount Vernon, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA §17.50(a)(1)(3) in that Mount Vernon took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

27.     Mount Vernon knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §541.152(a)-(b).

D.     Attorneys' Fees

28.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

29.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

30.     Plaintiff further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

6

## VII. CONDITIONS PRECEDENT

31. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Laredo Papagallos Corp. d/b/a Silverado's Nightclub prays that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone: (210) 223-5000
Telecopier: (210) 223-5007

*Carlos E. Solis*

By:_____

CARLOS E. SOLIS
State Bar No. 24002972
carlos@solisandsmithlaw.com

PAUL A. SMITH, JR.
State Bar No. 24015025
paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
LAREDO PAPAGALLOS D/B/A
SILVERADO'S NIGHTCLUB

7

CAUSE NO. _____

| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

COMES NOW Laredo Papagallos Corp. d/b/a Silverado's Nightclub, Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following Requests for Disclosure separately and fully in writing within 50 days of service; (2) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (3) answer the Requests for Production separately and fully in writing within 50 days of service; (4) answer the Requests for Admission separately and fully in writing within 50 days of service; (5) serve your answers to these Requests for Disclosure, Interrogatories, Requests for Production, and Requests for Admission on Plaintiff by and through their attorneys of record, Solis & Smith, P.C., 12703 Spectrum Drive, Suite 100, San Antonio, Texas 78249; and (6) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Solis & Smith, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a. You know the response made was incorrect or incomplete when made; or

    b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone: (210) 223-5000
Telecopier: (210) 223-5007

By:_____

CARLOS E. SOLIS
State Bar No. 24002972
carlos@solisandsmithlaw.com

PAUL A. SMITH, JR.
State Bar No. 24015025
paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
LAREDO PAPAGALLOS D/B/A
SILVERADO'S NIGHTCLUB

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's Original Petition on the Defendants in accordance with the Texas Rules of Civil Procedure.

_____

CARLOS E. SOLIS
PAUL A. SMITH, JR.

9

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;

    2. State its date;

    3. Identify all persons who participated in its preparation;

    4. Identify the persons for whom it was prepared or to whom it was sent;

    5. State the nature of the privilege claimed; and

    6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents" includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours," "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1. His or her name;

2. His or her last known business and residence address and telephone number; and

3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

11

## REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

## INTERROGATORIES

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers to these interrogatories.

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

3.  Does Defendant contend that Plaintiff failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

4.  Does Defendant contend that Plaintiff failed to mitigate their damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

5.  Does Defendant claim that Plaintiff failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff did not respond and state whether you denied any portion of the claim based on Plaintiff's failure to respond.

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

10.  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid.

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

13.   To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this Lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis of this Lawsuit.

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

16.   To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff under the Policy relating to the claim made the basis of this Lawsuit that were discovered during the claims handling process.

17.   State the date Defendant first anticipated litigations.

18.   State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

19.   Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within five (5) miles of Plaintiff's insured property.

20.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

21.   Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a five (5) miles of Plaintiff's insured residence.

22.   List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

13

## REQUESTS FOR PRODUCTION

1. The following insurance documents issued for the Property as identified in the Petition:

    a. the policy at issue for the date of loss as identified in the Petition; and

    b. the policy declarations page for the three (3) years preceding the storm.

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past five (5) years. To the extent Defendant contends that the underwriting file or documents older than five years impact the damages or coverage, produce that underwriting file or document.

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

4. All documents relating to any real property insurance claims made by the Plaintiff. This request is limited to the past five (5) years. To the extent Defendant contends that documents older than five years impact the damages or coverage, produce that document.

5. All requests for information to any third party about the Property, the Plaintiff, or the claim(s) made the basis of this Lawsuit.

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

7. All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff, the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition of written questions.

8. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff related to the Property made the basis of this Lawsuit. This request is limited to the past five (5) years. To the extent Defendant contends that any document older than five years impacts the damages or coverage, produce that document.

9. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

14

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

11.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past five (5) years.

12.   All organizational charts, diagrams, lists and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

13.   All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

14.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last five (5) years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production 14 above within the last three (3) years. A summary is acceptable in lieu of actual invoices or payments.

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claims made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

17.   All documents relating to issues of honestly, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff or any person assisting on the claim made the basis of this Lawsuit.

15

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff.

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

21.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff.

22.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

24.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

25.   All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

26.   All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

16

29.    To the extent the claim involves rescinding of the Policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

30.    A list of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one (1) year prior to the date of loss at issue to date.

17

## FIRST SET OF REQUESTS FOR ADMISSIONS

1.    REQUEST FOR ADMISSION NO. 1.  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

2.    REQUEST FOR ADMISSION NO. 2.  Admit you committed common law bad faith in adjusting Plaintiff's claim.

3.    REQUEST FOR ADMISSION NO. 3.  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

4.    REQUEST FOR ADMISSION NO. 4.  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

5.    REQUEST FOR ADMISSION NO. 5.  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the Policy in a timely fashion.



# Oscar J. Hale, Jr.

State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

March 22, 2017

### CAUSE NO.:   2017CVI000546D4

#### STYLE:   LAREDO PAPAGALLOS COPR

VS

#### MOUNT VERNON FIRE INSURANCE COMPANY

Please take NOTICE that this case is set for **CALENDAR CALL** on 06/12/2017 at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC:



### Texas Department of Insurance

General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ✴ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

April 5, 2017

**Certified Mail No. 7016 2070 0000 2661 4055**
**Return Receipt Requested**

Thomas P. Nerney, President                                    K084524
Mount Vernon Fire Insurance Company
1190 Devon Park Drive
Wayne, PA 19087-8700

Re: Cause No. 2017CVI000546D4; styled *Laredo Papgallos Corp. D/B/A Silverado's Nightclub vs. Mount Vernon Fire Insurance Company;* in the 406th Judicial District Court, Webb County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition, Plaintiff's Requests for Disclosure, Interrogatories, Requests for Production and Requests for Admissions in the above-referenced matter. These documents were served upon the Commissioner of Insurance on March 27, 2017.

Sincerely,

Tish Wilhelm

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

"SERVE"

2017CVI000546D4

## CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.   IF
YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF
TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   MOUNT VERNON FIRE INSURANCE COMPANY
      BY SERVING THE PRESIDENT: THOMAS P. NERNEY
      UNITED STATES LIABILITY INSURANCE GROUP
      1190 DEVON PARK DR
      WAYNE PA. 19087

BY SERVING: DAVID MATTAX
THE COMMISSIONER FOR THE TEXAS
DEPARTMENT OF INSURANCE
333 GUADALUPE ST
AUSTIN, TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to
be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2017CVI000546D4 , styled:

LAREDO PAPAGALLOS COPR D/B/A SILVERADO'S NIGHTCLUB, PLAINTIFF
VS.
MOUNT VERNON FIRE INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 03/17/2017 in said court by:
      CARLOS E SOLIS, ATTORNEY FOR PLAINTIFF
      12703 SPECTRUM DRIVE STE 100
      SAN ANTONIO TX  78249

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given
under my hand and seal of said court at office, on this the 21st day of March,
2017.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042

BY: _____
      HERLINDA TORRES    DEPUTY

### CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County,
Texas, certify that I executed the foregoing citation in Webb County, Texas on
this the 21st day of March, 2017 by placing in the United States mail a true
copy of this citation, with true copy of the aforesaid Pleading attached
thereto, via Certified Mail No.7016.1370.0000.9362.3691 ADDRESSED TO: Mount
Vernon Fire Insurance Company, 1190 Devon Park Dr., Wayne Pa 19087 and endorsed
thereon "RETURN RECEIPT REQUESTED," after having first endorsed on said copy of
said citation the date of mailing and the name and address of the within named
recipient, to certify which witness my hand officially on this the 21st day of
March, 2017.

CALENDAR CALL SET FOR
06/12/2017 AT 2:00P.M.

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.

ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURTS AND
COUNTY COURT-AT-LAW
OF WEBB COUNTY, TEXAS

BY: _____
      Herlinda Torres    DEPUTY

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LAREDO PAPAGALLOS CORP. D/B/A SILVERADO'S NIGHTCLUB | MOUNT VERNON FIRE INSURANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff    WEBB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    DELAWARE, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carlos E. Solis / Paul A. Smith, Jr.    210-223-5000
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Ste. 100, San Antonio, TX 78249

Attorneys *(If Known)*
Richard J. Kasson / Rebecca Aduddell   210-569-8500
GONZALEZ, CHISCANO, ANGULO & KASSON, PC
9601 McAllister Fwy., Ste. 401, San Antonio, TX 78216

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 and 1446
Brief description of cause:
Insurance Coverage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
100,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
04/25/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/Richard J. Kasson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAREDO PAPAGALLOS CORP. | § | |
| D/B/A SILVERADO'S NIGHTCLUB, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. <u>5:17-cv-00085</u> |
| | § | |
| | § | |
| MOUNT VERNON FIRE | § | |
| INSURANCE COMPANY, | § | |
| Defendant | § | |
| | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant files this List of Counsel of Record and lists all counsel of record, including addresses, telephone numbers and parties represented:

1. **ATTORNEYS FOR PLAINTIFF, LAREDO PAPAGALLOS CORP. D/B/A SILVERADO'S NIGHTCLUB:**

   Carlos E. Solis
   Paul A. Smith, Jr.
   SOLIS & SMITH, P.C.
   12703 Spectrum Drive, Suite 100
   San Antonio, Texas 78249
   Tel: (210) 223-5000
   Fax: (210) 223-5007
   Email: carlos@solisandsmithlaw.com
          paul@solisandsmithlaw.com

2.  **ATTORNEYS FOR DEFENDANT, MOUNT VERNON FIRE INSURANCE COMPANY:**

RICHARD J. KASSON
Attorney-in-Charge
State Bar No. 24002392
Southern District of Texas Federal ID No. 21614
REBECCA H. ADUDDELL
State Bar No. 24097280
Southern District of Texas Federal ID No. 3050524
**GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Tel:     (210) 569-8500
Fax:     (210) 569-8490
Email: rkasson@gcaklaw.com
          raduddell@gcaklaw.com

Respectfully submitted,

 /s/ Richard J. Kasson
RICHARD J. KASSON
Attorney-in-Charge
State Bar No. 24002392
Southern District of Texas Federal ID No. 21614
REBECCA H. ADUDDELL
State Bar No. 24097280
Southern District of Texas Federal ID No. 3050524
GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax:     (210) 569-8490

**ATTORNEYS FOR DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the <u>**25th**</u> day of **April, 2017**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Carlos E. Solis
Paul A. Smith, Jr.
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Fax: 210-223-5007


/s/ Richard J. Kasson
RICHARD J. KASSON

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **LAREDO PAPAGALLOS CORP.** | § | |
| **D/B/A SILVERADO'S** | § | |
| **NIGHTCLUB,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. <u>5:17-cv-00085</u>** |
| | § | |
| | § | |
| **MOUNT VERNON FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |
| | § | |

---

## INDEX OF DOCUMENTS

---

1. **Plaintiff's Original Petition** (filed 3/17/17)

2. **Defendant's Original Answer** (filed 04/19/2017)

3. **Defendant's Notice of Removal** (filed 04/25/2017)

4. **Civil Docket Sheet** (State Court)

# EXHIBIT "A"

1

Filed
3/17/2017 2:15:03 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVI000546D4

CAUSE NO. _____

| | | |
|---|---|---|
| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

Laredo Papagallos Corp. d/b/a Silverado's Nightclub ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendant, Mount Vernon Fire Insurance Company ("Defendant" or "Mount Vernon") and, in support of their causes of action, would respectfully show the Court the following:

### I. DISCOVERY

1.     This case is intended to be governed by Discovery Level 3.

### II. THE PARTIES

2.     Laredo Papagallos Corp. d/b/a Silverado's Nightclub is a Texas business and resident that resides in Webb County, Texas.

3.     Mount Vernon Insurance Company is an insurance company engaging in the business of insurance in the State of Texas which may be served as follows:

> Mount Vernon Fire Insurance Company
> Thomas P. Nerney, President
> United States Liability Insurance Group
> 1190 Devon Park Drive
> Wayne, Pennsylvania 19087
> c/o Attorney for Service
> David Mattax, Commissioner for the Texas Department of Insurance
> 333 Guadalupe St.
> Austin, Texas 78701.

### III. CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this Court. Plaintiff currently seeks monetary relief over $100,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $1,000,000 but no more than $2,000,00.00. As a result of the Defendant's conduct that is described in this petition, Plaintiff pleads out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure. Plaintiff further pleads for judgment for all the other relief to which it deems justly entitled.

### IV. JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Webb County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Webb County. In particular, the loss at issue occurred in Webb County.

### V. FACTUAL BACKGROUND

7.     Plaintiff is a named insured under a property insurance policy issued by Mount Vernon under Policy No. CP 2578792A.

2

9. Plaintiff owns the insured Property which is specifically located at 5920 San Bernardo, Webb County, Laredo, Texas 78040 (hereinafter referred to as the "Property").

10. On or about May 9, 2014, a wind and hail storm hit the Laredo, Texas area, damaging Plaintiff's business and other Property. Plaintiff subsequently filed a claim on their insurance policy.

11. Mount Vernon has assigned Claim No. K084524 to Plaintiff's claim.

12. Mount Vernon hired and/or assigned an adjuster to inspect and adjust the claim.

13. Mount Vernon improperly denied the claim on April 1, 2015.

14. Mount Vernon, by and through its assigned third-party adjuster Engle Martin & Associates, Inc., conducted a substandard investigation and inspection of the property and prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection. Mount Vernon ultimately denied Plaintiff's claim outright, claiming "there were no reported hail events at the insured location," Counsel for Plaintiff has procured data which directly contradicts Mount Vernon's claim, which shows Defendant failed to conduct a thorough investigation of Plaintiff's claim.

15. Mount Vernon's unreasonable investigation led to the denial of Plaintiff's claim. Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

16. Moreover, Mount Vernon, by and through its assigned third-party adjuster Engle Martin & Associates, Inc., performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

3

## VI. CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

A. **Breach of Contract**

18. Mount Vernon had a contract of insurance with the Plaintiff. Mount Vernon breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

B. **Prompt Payment of Claims Statute**

19. The failure of Mount Vernon to pay for the losses and/or follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

C. **Bad Faith/DTPA**

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated §541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant violated §541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

4

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

24.     Defendant violated §541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

25.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

26.     Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Mount Vernon represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Mount Vernon failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information

5

was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Mount Vernon, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA §17.50(a)(1)(3) in that Mount Vernon took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

27.     Mount Vernon knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §541.152(a)-(b).

D.     Attorneys' Fees

28.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

29.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

30.     Plaintiff further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

6

## VII. CONDITIONS PRECEDENT

31.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Laredo Papagallos Corp. d/b/a Silverado's Nightclub prays that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone:  (210) 223-5000
Telecopier:  (210) 223-5007

By:_____
            CARLOS E. SOLIS
            State Bar No. 24002972
            carlos@solisandsmithlaw.com

            PAUL A. SMITH, JR.
            State Bar No. 24015025
            paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
LAREDO PAPAGALLOS D/B/A
SILVERADO'S NIGHTCLUB

7

CAUSE NO. _____

| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | WEBB COUNTY, TEXAS |

### PLAINTIFF'S REQUESTS FOR DISCLOSURE, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

COMES NOW Laredo Papagallos Corp. d/b/a Silverado's Nightclub, Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following Requests for Disclosure separately and fully in writing within 50 days of service; (2) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (3) answer the Requests for Production separately and fully in writing within 50 days of service; (4) answer the Requests for Admission separately and fully in writing within 50 days of service; (5) serve your answers to these Requests for Disclosure, Interrogatories, Requests for Production, and Requests for Admission on Plaintiff by and through their attorneys of record, Solis & Smith, P.C., 12703 Spectrum Drive, Suite 100, San Antonio, Texas 78249; and (6) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Solis & Smith, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone: (210) 223-5000
Telecopier: (210) 223-5007

By:_____

CARLOS E. SOLIS
State Bar No. 24002972
carlos@solisandsmithlaw.com

PAUL A. SMITH, JR.
State Bar No. 24015025
paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
LAREDO PAPAGALLOS D/B/A
SILVERADO'S NIGHTCLUB

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's Original Petition on the Defendants in accordance with the Texas Rules of Civil Procedure.

_____
CARLOS E. SOLIS
PAUL A. SMITH, JR.

9

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;

    2. State its date;

    3. Identify all persons who participated in its preparation;

    4. Identify the persons for whom it was prepared or to whom it was sent;

    5. State the nature of the privilege claimed; and

    6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents" includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours," "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1. His or her name;

10

2. His or her last known business and residence address and telephone number; and

3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

11

## REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

## INTERROGATORIES

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers to these interrogatories.

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

3.  Does Defendant contend that Plaintiff failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

4.  Does Defendant contend that Plaintiff failed to mitigate their damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

5.  Does Defendant claim that Plaintiff failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff did not respond and state whether you denied any portion of the claim based on Plaintiff's failure to respond.

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.

12

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid.

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

13. To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this Lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis of this Lawsuit.

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

16. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff under the Policy relating to the claim made the basis of this Lawsuit that were discovered during the claims handling process.

17. State the date Defendant first anticipated litigations.

18. State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

19. Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within five (5) miles of Plaintiff's insured property.

20. Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

21. Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a five (5) miles of Plaintiff's insured residence.

22. List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

## REQUESTS FOR PRODUCTION

1.  The following insurance documents issued for the Property as identified in the Petition:

    a.   the policy at issue for the date of loss as identified in the Petition; and

    b.   the policy declarations page for the three (3) years preceding the storm.

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past five (5) years. To the extent Defendant contends that the underwriting file or documents older than five years impact the damages or coverage, produce that underwriting file or document.

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

4.  All documents relating to any real property insurance claims made by the Plaintiff. This request is limited to the past five (5) years. To the extent Defendant contends that documents older than five years impact the damages or coverage, produce that document.

5.  All requests for information to any third party about the Property, the Plaintiff, or the claim(s) made the basis of this Lawsuit.

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff, the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition of written questions.

8.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff related to the Property made the basis of this Lawsuit. This request is limited to the past five (5) years. To the extent Defendant contends that any document older than five years impacts the damages or coverage, produce that document.

9.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

14

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

11. A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past five (5) years.

12. All organizational charts, diagrams, lists and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

13. All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

14. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last five (5) years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

15. Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production 14 above within the last three (3) years. A summary is acceptable in lieu of actual invoices or payments.

16. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claims made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

17. All documents relating to issues of honestly, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff or any person assisting on the claim made the basis of this Lawsuit.

15

18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff.

20.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff.

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

24.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

25.     All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

16

29.     To the extent the claim involves rescinding of the Policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

30,     A list of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one (1) year prior to the date of loss at issue to date.

## FIRST SET OF REQUESTS FOR ADMISSIONS

1. REQUEST FOR ADMISSION NO. 1. Admit you committed statutory bad faith in adjusting Plaintiff's claim.

2. REQUEST FOR ADMISSION NO. 2. Admit you committed common law bad faith in adjusting Plaintiff's claim.

3. REQUEST FOR ADMISSION NO. 3. Admit you breached the insurance agreement by failing to pay the full amount owed there under.

4. REQUEST FOR ADMISSION NO. 4. Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

5. REQUEST FOR ADMISSION NO. 5. Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the Policy in a timely fashion.



TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

# Oscar J. Hale, Jr.

State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

March 22, 2017

CAUSE NO.:     2017CVI000546D4

STYLE:     LAREDO PAPAGALLOS COPR

VS

MOUNT VERNON FIRE INSURANCE COMPANY

Please take NOTICE that this case is set for **CALENDAR CALL** on <u>06/12/2017</u> at <u>2:00</u> PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC:



TEXAS DEPARTMENT OF INSURANCE

General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

April 5, 2017

**Certified Mail No. 7016 2070 0000 2661 4055**
**Return Receipt Requested**

Thomas P. Nerney, President
Mount Vernon Fire Insurance Company
1190 Devon Park Drive
Wayne, PA 19087-8700

K084524

Re: Cause No. 2017CVI000546D4; styled *Laredo Papgallos Corp. D/B/A Silverado's Nightclub vs. Mount Vernon Fire Insurance Company;* in the 406th Judicial District Court, Webb County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition, Plaintiff's Requests for Disclosure, Interrogatories, Requests for Production and Requests for Admissions in the above-referenced matter. These documents were served upon the Commissioner of Insurance on March 27, 2017.

Sincerely,

Tish Wilhelm

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

"SERVE"

2017CVI000546D4

## CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  MOUNT VERNON FIRE INSURANCE COMPANY
     BY SERVING THE PRESIDENT: THOMAS P. NERNEY
     UNITED STATES LIABILITY INSURANCE GROUP
     1190 DEVON PARK DR
     WAYNE PA 19087

BY SERVING: DAVID MATTAX
THE COMMISSIONER FOR THE TEXAS
DEPARTMENT OF INSURANCE
333 GUADALUPE ST
AUSTIN, TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVI000546D4 , styled:
          LAREDO PAPAGALLOS COPR D/B/A SILVERADO'S NIGHTCLUB, PLAINTIFF
                              VS.
               MOUNT VERNON FIRE INSURANCE COMPANY, DEFENDANT
Said Plaintiff's Petition was filed on 03/17/2017 in said court by:
          CARLOS E SOLIS, ATTORNEY FOR PLAINTIFF
          12703 SPECTRUM DRIVE STE 100
          SAN ANTONIO TX  78249

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, on this the 21st day of March, 2017.

              C  L  E  R  K   O  F   C  O  U  R  T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042
                   BY: _____ DEPUTY
                       HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

     I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this the 21st day of March, 2017 by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via Certified Mail No.7016.1370.0000.9362.3691 ADDRESSED TO: Mount Vernon Fire Insurance Company, 1190 Devon Park Dr., Wayne Pa  19087 and endorsed thereon "RETURN RECEIPT REQUESTED," after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially on this the 21st day of March, 2017.

CALENDAR CALL SET FOR
06/12/2017 AT 2:00P.M.

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.

ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURTS AND
COUNTY COURT-AT-LAW
OF WEBB COUNTY, TEXAS
BY: _____ DEPUTY
    Herlinda Torres

Filed
4/19/2017 3:48:54 PM
Esther Degollado
District Clerk
Webb District
Veronica Valenzuela
2017CVI000546D4

### CAUSE NO. 2017-CVI-000546D4

| | | |
|---|---|---|
| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | 406TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MOUNT VERNON FIRE INSURANCE COMPANY,** Defendant in the above-styled and numbered cause, and files this its Original Answer and in support of the same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to all written stipulations, admissions or pleadings which Defendant may hereafter make and file in this cause, Defendant generally denies the allegations contained in Plaintiff's Original Petition, pursuant to Rule 92, T.R.C.P. and demands strict proof thereof, to which Defendant is entitled under the laws of this State and its Constitution.

Defendant hereby demands a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, **MOUNT VERNON FIRE INSURANCE COMPANY,** prays that Plaintiff take nothing by this suit, but that this Defendant have judgment, plus costs of court, and such other and further relief to which it may be justly entitled, either at law or in equity.

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, PC**
9601 McAllister Fwy., Ste. 401
San Antonio, Texas 78216
Tel:    (210) 569-8500
Fax:    (210) 569-8490

By: /s/ Rebecca H. Aduddell
      RICHARD J. KASSON
      State Bar No. 24002392
      rkasson@gcaklaw.com
      REBECCA H. ADUDDELL
      State Bar No. 24097280
      raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on the **<u>19th</u>** day of **April, 2017**, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document has been forwarded to the following by CM/ECF, fax transmission, certified mail, return receipt requested, regular mail, e-mail and/or hand-delivery:

Carlos E. Solis
Paul A. Smith, Jr.
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Fax: 210-223-5007
Email: carlos@solisandsmithlaw.com
      paul@solisandsmithlaw.com

      /s/ Rebecca H. Aduddell
      REBECCA H. ADUDDELL

CAUSE NO. 2017-CVI-000546D4

| | | |
|---|---|---|
| LAREDO PAPAGALLOS CORP. | § | IN THE DISTRICT COURT |
| D/B/A SILVERADO'S NIGHTCLUB | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY | § | 406TH JUDICIAL DISTRICT |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on April 25, 2017, Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") filed a Notice of Removal in the United States District Court for the Southern District of Texas, removing this case from the District Courts of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. A copy of the Notice of Removal that was filed in federal court is attached as *Exhibit 1*. A copy of this Notice has been sent to Plaintiff.

PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in accordance with the provisions of 28 U.S.C. §§ 1441, 1446 and 1446(d), and pursuant to 28 U.S.C. § 1446(d), the District Courts of Webb County, Texas shall proceed no further with the above-captioned case unless and until the case is remanded.

Respectfully submitted,


GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax: (210) 569-8490

/s/ Rebecca H. Aduddell
RICHARD J. KASSON
State Bar No.  24002392
rkasson@gcaklaw.com
REBECCA H. ADUDDELL
State Bar No. 24097280
raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANT
MOUNT VERNON FIRE INSURANCE
COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on the **25th day of April, 2017**, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document has been forwarded to the following by CM/ECF, fax transmission, certified mail, return receipt requested, regular mail, e-mail and/or hand-delivery:

Carlos E. Solis
Paul A. Smith, Jr.
SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Fax: 210-223-5007
Email: carlos@solisandsmithlaw.com
        paul@solisandsmithlaw.com


/s/ Rebecca H. Aduddell
REBECCA H. ADUDDELL

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back      Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2017CVI000546D4

| | | |
|---|---|---|
| **LAREDO PAPAGALLOS COPR VS. MOUNT VERNON FIRE INSURANCE COMPANY** | § § § § § | **Case Type:** Contract - Other Contract<br>**Subtype:** Insurance<br>**Date Filed:** 03/17/2017<br>**Location:** --406th District Court |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **MOUNT VERNON FIRE INSURANCE COMPANY** | **REBECCA H. ADUDDELL**<br>*Retained* |
| **Plaintiff** | **LAREDO PAPAGALLOS COPR** | **CARLOS E SOLIS**<br>*Retained*<br>2102235000 x2102235007(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/17/2017 | **Civil Case Filed (OCA)** |
| 03/17/2017 | **Original Petition**<br>*PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED* |
| 03/17/2017 | **Jury Demand**<br>*JURY DEMAND PAID BY ATTORNEY CARLOS E. SOLIS. (LT)* |
| 03/21/2017 | **Fax Confirmation**<br>*CALENDAR CALL FAXED TO ATTORNEY CARLOS SOLIS. (LT)* |
| 03/21/2017 | **Citation-Issuance**<br>*(3) CITATIONS ISSUED TO MOUNT VERNON FIRE INSURANCE COMPANY BY SERVING THE COMMISSIONER FOR THE TEXAS DEPARTMENT OF INSURANCE BY CERTIFIED MAIL RETURN RECEIPT. (LT)* |
| 03/21/2017 | **Citation** |

| MOUNT VERNON FIRE INSURANCE COMPANY | Served | 03/27/2017 |
|---|---|---|
| | Returned | 03/30/2017 |

| | |
|---|---|
| 03/30/2017 | **Citation Return-Executed**<br>*DOMESTIC RETURN RECEIPT (GREEN CARD) RETURNED EXECUTED AS TO THE COMMISSIONER FOR THE TEXAS DEPARTMENT OF INSURANCE DOD 03/27/17* |
| 04/19/2017 | **Answer-Defendant**<br>*DEFENDANT'S ORIGINAL ANSWER* |
| 06/12/2017 | **Calendar Call** (2:00 PM) (Judicial Officer Hale, O. J., Jr.) |